UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| ROBERT VALENTINO HERNANDEZ,<br><br>         Petitioner,<br><br>     v.<br><br>DAVE DAVEY, Warden,<br><br>         Respondent.<br>_____/ | No. 3:15-cv-01805 LB<br><br>**ORDER TO SHOW CAUSE**<br><br>[Re: ECF No. 1] |

### INTRODUCTION

Robert Valentino Hernandez, an inmate at California State Prison – Corcoran in Corcoran, California, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Petition, ECF No. 1.) His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This order requires the respondent to respond to the petition.

### STATEMENT

Mr. Hernandez was convicted in the Contra Costa County Superior Court of two counts of first degree murder with associated firearms and gang enhancements. He was sentenced to two consecutive terms of 15 years to life in state prison. Among the evidence introduced against him

was the testimony of Jason Treas, who had been in jail with Mr. Hernandez on two occasions and who testified about what Mr. Hernandez told him while they were in jail together.

After he was convicted, Mr. Hernandez timely filed a direct appeal to the California Count of Appeals, First District, which affirmed his convictions. Mr. Hernandez then timely filed a petition for review with the California Supreme Court. The California Supreme Court denied his petition for review on January 21, 2014.

On April 21, 2015, Mr. Hernandez filed the instant petition for writ of habeas corpus in this court.

## ANALYSIS

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

In his federal petition, Mr. Hernandez asserts that he is entitled to a writ of habeas corpus due to a violation of his Sixth Amendment right to counsel under *Massiah v. United States*, 377 U.S. 201 (1964). The Supreme Court has held that the right to counsel under *Massiah* "guarantees the accused, at least after the initiation of formal charges, the right to rely on counsel as a 'medium' between him and the State." *Maine v. Moulton*, 474 U.S. 159, 176 (1985). Although "the Sixth Amendment is not violated whenever—by luck or happenstance—the State obtains incriminating statements from the accused after the right to counsel has attached," the state may not knowingly exploit an opportunity to confront an accused in the absence of counsel or intentionally create a situation "likely to induce [him] to make incriminating statements without the assistance of counsel." *Id.*; *United States v. Henry*, 447 U.S. 264, 274 (1980). To prove a Sixth Amendment *Massiah* violation based on the government's use of an informant, a petitioner must show that the informant was acting as a government agent and that he or she "deliberately elicited" incriminating statements from the petitioner. *Massiah*, 377 U.S. at 206; *Henry*, 447 U.S. at 269-70.

Upon review of Mr. Hernandez's petition, the court cannot say that his claim is patently without merit. Respondent must respond to it.

## CONCLUSION

For the foregoing reasons,

1. The claim that Mr. Hernandez's Sixth Amendment right to counsel under *Massiah v. United States*, 377 U.S. 201 (1964), was violated warrants a response.

2. The clerk shall serve by mail a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on Mr. Hernandez.

3. The clerk also shall serve a copy of the "consent or declination to magistrate judge jurisdiction" form upon respondent and respondent's attorney, the Attorney General of the State of California.

4. Respondent must file and serve upon Mr. Hernandez, on or before **July 7, 2015**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

5. If Mr. Hernandez wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on Respondent on or before **August 6, 2015**.

**IT IS SO ORDERED.**

Dated: May 8, 2015

_____
LAUREL BEELER
United States Magistrate Judge