UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VALENTINO HERNANDEZ, | Case No.  15-cv-01805-HSG |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION TO AMEND AND STAY PETITION PENDING EXHAUSTION** |
| DAVE DAVEY, et al., | Re: Dkt. Nos. 6, 19 |
| Defendants. | |

Before the Court is Petitioner Robert Valentino Hernandez's ("Petitioner") motion to amend his petition for a writ of habeas corpus to add an unexhausted claim and to stay and hold the petition in abeyance pending exhaustion.  Dkt. No. 19-1 ("Mot."); *see also* Dkt. No. 6 (original motion).  Respondent Dave Davey, Warden at California State Prison, Corcoran ("Respondent") has filed an opposition, Dkt. No. 22 ("Opp."), and Petitioner has replied, Dkt. No. 23 ("Reply").

The Court has carefully considered the parties' arguments in their briefs.  For the reasons set forth below, the Court **GRANTS** Petitioner's motion to amend and stay pending petition pending exhaustion.  The Court does so without prejudice to deciding that Petitioner's amendment is untimely and/or not cognizable on federal habeas review as a claim of actual innocence.

## I.    BACKGROUND

### A.    Factual Allegations

Following a jury trial, Petitioner was convicted of two counts of first-degree murder with associated firearms and gang enhancements in Contra Costa County Superior Court.  Dkt. No. 1 ("Pet.") ¶ 1.  The convictions stemmed from the fatal shooting of a pregnant woman on February 13, 2007, in Montalvin Manor, California.  *Id.* ¶ 5.  Twenty-seven bullets were fired at the house in which the victim was located, and one struck and killed her and her unborn child.  *Id.*

No eyewitnesses saw the shooter.  *Id.* ¶ 6.  Instead, Petitioner was convicted largely due to the testimony of Jason Treas, a jailhouse informant who later shared a prison cell with Petitioner.  *Id.* ¶ 10.  Treas testified that Petitioner confessed that he committed the shooting.  *Id.* ¶ 37.   At the time of the confession, Treas was in talks with various government agencies.  *Id.* ¶¶ 16-21.

Before trial, Petitioner moved to exclude Treas's testimony under *Massiah v. United States*, 377 U.S. 201 (1964), on the grounds that Treas was improperly acting as a government agent when he obtained Petitioner's statements.  *Id.* ¶ 12.  The state trial court denied the motion in full, finding that there was no evidence Treas had elicited the statements from Petitioner and no evidence of a pre-existing deal between Treas and law enforcement.  *Id.* ¶ 25.

After Petitioner was convicted, he timely appealed to the California Court of Appeals for the First Appellate District.  *Id.* ¶ 2.  His convictions were affirmed, and Petitioner timely filed a petition for review with the California Supreme Court.  *Id.* ¶ 3.  The California Supreme Court denied review on January 21, 2014.  *Id.*

### B.  Procedural History

Petitioner filed the instant petition for a writ of habeas corpus on April 21, 2015.  On May 8, 2015, the Court issued an order to show cause to Respondent regarding the petition.  Dkt. No. 5.  That same day, Petitioner filed a motion to amend his petition to add an exhausted claim and to stay and hold the petition in abeyance pending exhaustion.  Dkt. No. 6.  Respondent responded to the order to show cause on July 6, 2015, Dkt. No. 13, but did not respond to the motion to amend because he claims that he did not receive electronic service, Mot. at 1.  For that reason, Petitioner refiled the motion to amend on September 3, 2015, which is the motion now before the Court.

Petitioner moves to amend his petition to add an unexhausted claim.  Mot. at  3.  The basis for the new claim is statements that an inmate named Robert Leyva made to Petitioner's counsel, in which he purportedly claimed sole responsibility for the February 13, 2007 shooting.  *Id.* at 2; *see also* Dkt. No. 19-2 ("Daryani Decl.") (Petitioner's counsel's account of Levya's confession).  Leyva was one of Petitioner's co-defendants.  Mot. at 2.  In the proposed amended petition, the claim is identified as "newly discovered evidence of petitioner's innocence."  Dkt. No. 19-3 ¶ 54.  Assuming that the Court grants the motion to amend, Petitioner further moves to stay his petition

2

United States District Court
Northern District of California

to permit him to exhaust his new claim before the state courts.  Mot. at 3.

Respondent argues that this new claim is untimely and does not relate back to the original claim in his petition.  Opp. at 6-8.  In any case, Respondent contends, there is no basis to stay the petition pending exhaustion of the new claim because there was no good cause for the delay and there is no merit to the claim.  *Id.* at 1-5.

## II.   LEGAL STANDARD

### A.   Motion to Amend Petition to Add Unexhausted Claim

28 U.S.C. § 2244(d) generally provides a one-year statute of limitations period within which a state inmate must file a federal habeas petition.  In this case, the limitations period started to run from "the date on which the judgment became final by the conclusion of direct review" not including "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment . . . is pending[.]"  *See id.*; *see also Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001) (90 days added to petition filing deadline).

An otherwise untimely amendment to a federal habeas petition may be timely if it "relates back" to the original petition.  *Mayle v. Felix*, 545 U.S. 644 (2005).  The relation-back doctrine is generally set forth in Federal Rule of Civil Procedure 15(c)(1) and, as relevant here, provides that "[a]n amendment relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]"

### B.   Motion to Stay Mixed Petition Pending Exhaustion

A federal court may not grant a habeas petition filed by an inmate in custody pursuant to a state court judgment unless the petitioner has exhausted the remedies for post-conviction relief available to them in the state courts for each claim.  28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 522 (1982) (a petition containing exhausted and unexhausted claims is "mixed" and habeas relief cannot be granted).  But a court has the discretion to stay a mixed petition to permit the petitioner to return to state court to exhaust her unexhausted claims.  *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).  Under *Rhines*, this stay procedure is available only where: (1) there is "good cause" for the failure to exhaust an unexhausted claim; (2) the unexhausted claim is

3

potentially meritorious; and (3) the petitioner did not intentionally engage in dilatory tactics. *Id.*
Good cause requires a "reasonable excuse, supported by sufficient evidence" to justify the failure
to exhaust. *Blake v. Baker*, 743 F.3d 977, 982 (9th Cir. 2014).

## III.    DISCUSSION

Respondent contends that Petitioner's unexhausted claim is neither timely nor cognizable
under federal habeas review and, therefore, does not merit a *Rhines* stay.  The Court reserves its
judgment on these issues.  While Petitioner's unexhausted claim is facially untimely, the record is
not yet sufficiently developed to determine whether his actual innocence claim relates back to his
underlying claim.  *See* Fed. R. Civ. P. 15(c)(1) (untimely amendment must assert claim that arose
out of the "conduct, transaction, or occurrence set out—or attempted to be set out" in the original
petition).  And the Supreme Court has left open the question of whether freestanding claims of
actual innocence are cognizable on federal habeas review.  *See McQuiggin v. Perkins*, 133 S. Ct.
1924, 1931 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief
based on a freestanding claim of actual innocence.").

To permit further development of the record, the Court grants Petitioner's motion to amend
the petition and stays the case pending exhaustion of his actual innocence claim.  The Court does
so, however, without prejudice to it later deciding that either: (1) Petitioner's claim is untimely; or
(2) that actual innocence claims are not cognizable on federal habeas review.

## IV.    CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Petitioner's motion to amend the
petition and stay the action and hold in abeyance pending exhaustion of his actual innocence claim
in the state courts.

**IT IS SO ORDERED.**

Dated: March 4, 2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

4